## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JEROME ANTHONY SMITH,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Movant,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　　Civil Action No. 2:18-00056
　　　　　　　　　　　　　　　　　　　)　　　　Criminal Action No. 2:16-00030
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　)

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion. (Document No. 40.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 42.)

### FACTUAL BACKGROUND

1.　　　**Criminal Action No. 2:16-00030:**

On March 10, 2016, Movant pled guilty to an Information charging him with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 2:16-00030, Document Nos. 18 – 21.) A Presentence Investigation Report was prepared. (Id., Document No. 36.) The District Court determined that Movant had a Base Offense Level of 12, and a Total Offense Level of 29, the Court having found that Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) resulting in an adjusted offense level of 32 and having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document Nos. 34, 36, 38.) The District Court sentenced Movant on August 21, 2017, to serve a 100-month

term of incarceration to be followed by a three-year term of supervised release.[1] (Id., Document Nos. 34 and 37.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**2.    Section 2255 Motion:**

On January 16, 2018, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:18-00056, Document Nos. 40 and 41.) As grounds for *habeas* relief, Movant first argues that this Court lacked subject matter jurisdiction. (Id.) Specifically, Movant argues that "the limits on Federal power by the constitution precludes Congress from enacting any criminal prohibition that is not enumerated in the Constitution, the Commerce Clause notwithstanding, thus the District Court lacks subject matter jurisdiction over the alleged conduct and person." (Id.) Movant contends that "the 'inferior' federal courts cannot be vested with 'judicial power' to hear criminal cases, since cases in law and equity are civil cases and controversies." (Id.) Second, Movant argues that "Article III District Courts cannot be vested with any judicial power over criminal cases in the absence of an amendment to the Article, just as with the Commerce Clause would require to reach controlled substances." (Id.) Movant, therefore, requests that his conviction be "reversed" and he be immediately released from illegal custody. (Id.)

On April 4, 2019, Movant supplemented his Section 2255 Motion to include new case law. (Document No. 55, p. 1.) As Exhibits, Movant attaches the following: (1) A copy of United States

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 151 to 188 months. The District Court, however, sentenced Movant to 100 months, which was well below the advisory guideline range.

v. Winstead, 890 F.3d 1082 (D.D.C. May 25, 2018) (Id., pp. 2 – 3.); and (2) A copy of Untied

States v. Jackson, 2018 U.S. Dist. LEXIS 198203 (E.D.Mich. Nov. 21, 2018) (Id., pp. 4 – 5.).

Based on the foregoing cases, Movant argues that "his sentence is incorrect because it was

improperly enhanced based on a prior conviction for an 'attempt' to distribute a controlled

substance." (Id.) Movant, therefore, claims that he was improperly classified as a career offender.

(Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To

succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was

imposed in violation of the Constitution or law of the United States, that the court was without

jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by

law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion

collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to

establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL

36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct

appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States

Supreme Court explains that "a final judgment commands respect. For this reason, we have long

3

and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."[2] United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must

---

[2] Although Movant disputes the validity of his career offender enhancement under the Sentencing Guidelines, he does present clear and convincing evidence that he is actually innocent of his charge which is the basis for his conviction.

show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1. **Subject Matter Jurisdiction:**

First, Movant argues that the District Court lacked subject matter jurisdiction because "the limits on Federal power by the constitution precludes Congress from enacting any criminal prohibition that is not enumerated in the Constitution." (Civil Action No. 2:18-cv-0056, Document Nos. 40 and 41.) Movant contends that "the 'inferior' federal courts cannot be vested with 'judicial power' to hear criminal cases, since cases in law and equity are civil cases and controversies." (Id.) Movant, therefore, argues that his conviction should be "reversed." (Id.)

Initially, the undersigned finds that Movant's above claim is not precluded by procedural default or by his appellate waiver. The "concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The undersigned, however, finds that Movant's challenge to the Court's subject matter jurisdiction is clearly frivolous. Recently, this district specifically considered and rejected the argument that the Constitution does not endow federal district courts with subject matter jurisdiction over criminal cases. See Blake v. United States, 2019 WL 3889648 (S.D.W.Va. July 22, 2019), report and recommendation adopted by, 2019 WL

5

3884019 (S.D.W.Va. Aug. 15, 2019)(J. Goodwin). In <u>Blake</u>, Judge Eifert determined as follows:

> The Constitution grants Congress the power to create inferior courts and to assign jurisdiction for those courts. Congress has done so through 18 U.S.C. § 3231, which provides that federal district courts "shall have original jurisdiction, exclusive of the court of the States, of all offense against the laws of the United States." This statute does not exceed the authority granted to Congress by the Constitution; to the contrary, it closely tracks the language stating that judicial power shall extend to all cases "arising under . . . the Laws of the United States …". U.S. Const. art. III, § 2, cl. 1.

<u>Id.</u> at * 4. Judge Eifert also addressed and rejected the argument that the "Constitution's use of the phrase 'law and equity' in defining jurisdiction of federal courts means that federal district courts may only hear cases that are civil in nature." <u>Id.</u> As Judge Eifert explains, "the reference to law and equity in Article III of the Constitution refers to an 18th century distinction between actions at law and suits in equity, which today is largely vestigial." <u>Id.</u> (citations omitted) "Congress's ability to create federal laws and assign the punishment of those who violate them to federal courts has long been recognized without any mention of a barrier imposed by the phase 'law and equity.'" <u>Id.</u> at *5 (citations omitted). Thus, the reference of federal jurisdiction extending to "all cases in law and equity" by Article III of the Constitution does not mean federal courts lack subject matter jurisdiction over criminal matters. Accordingly, the undersigned respectfully recommends that Movant's challenge to this Court's subject matter jurisdiction be dismissed.

**2.      <u>Constitutionality of Section 841(a)(1)</u>:**

Next, Movant argues that Section 841 is unconstitutional because Congress lacked authority under the Constitution to create any federal crime not expressly set forth in the Constitution. (Civil Action No. 2:18-cv-0056, Document Nos. 40 and 41.) Movant further contends the Commerce Clause did not authorize the creation of Section 841. (<u>Id.</u>) Movant states that "reliance on the Commerce Clause as a license to enact any type of criminal legislation runs

totally afoul of what the intent of the Framers was for inclusion of the Clause into the Constitution." (Id.)

"[T]he Constitution, which nowhere speaks explicitly about the creation of federal crimes beyond those related to 'counterfeiting,' '[t]reason,' or 'Piracies and Felonies committed on the high Seas' or 'against the Law of Nations,' nonetheless grants Congress broad authority to create such crimes." United States v. Comstock, 650 U.S. 126, 135, 130 S.Ct. 1949, 176 L.Ed.2d 878 (2010). Congress has authority to enact criminal laws in furtherance of its enumerated powers. Id.("[I]n determining whether the Necessary and Proper Clause grants Congress the legislative authority to enact a particular federal statute, we look to see whether the statute constitutes a means that is rationally related to the implementation of a constitutionally enumerated power."); also see United States v. Morrison, 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000)("Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution.") Under the Commerce Clause, Congress has power "to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Congress enacted 28 U.S.C. § 841 based upon its enumerated power under the Commerce Clause. The Fourth Circuit has consistently rejected Commerce Clause challenges to Section 841(a)(1). United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995); also see United States v. Cunningham, 588 Fed.Appx. 235 (4th Cir. 2014)(rejecting Commerce Clause challenge to Section 841(a)(1)); United States v. Mason, 82 Fed.Appx. 310, 313 (4th Cir. 2003)(same); United States v. Jones, 30 Fed.Appx. 173 (4th Cir. 2002)(same); United States v. Farabee, 9 F.3d 1544 (4th Cir. 1993)(noting that "[s]everal circuit courts have held that § 841(a) does not violate he Commerce Clause"). In Leshuk, the Fourth Circuit explained as follows:

[T]he intrastate drug activities regulated in the Drug Act are clearly tied to interstate

7

commerce. In passing the Drug Act, Congress made detailed findings that intrastate manufacture, distribution and possession of controlled substances, as a class of activities, "have a substantial and direct effect" upon interstate drug trafficking and that effective control of the interstate problems requires the regulation of both intrastate and interstate activities. *See* 21 U.S.C. § 801 (finding, *inter alia,* that "[i]ncidents of the [drug] traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce"). This court, as well as other courts, has relied upon these findings in concluding that Congress may regulate intrastate drug activities under the commerce clause.

Leshuk, 65 F.3d at 1112. Based upon the foregoing, the undersigned finds Movant's challenge to the constitutionality of Section 841(a)(1) is without merit.

**3.    Sentencing Error:**

On April 4, 2019, Movant supplemented his Section 2255 Motion to include new case law. (Document No. 55.) As Exhibits, Movant attaches the following: (1) A copy of United States v. Winstead, 890 F.3d 1082 (D.D.C. May 25, 2018) (Id., pp. 2 – 3.); and (2) A copy of Untied States v. Jackson, 2018 U.S. Dist. LEXIS 198203 (E.D.Mich. Nov. 21, 2018) (Id., pp. 4 – 5.). Based on the foregoing cases, Movant argues that "his sentence is incorrect because it was improperly enhanced based on a prior conviction for an 'attempt' to distribute a controlled substance." (Id.) Movant, therefore, claims that he was improperly classified as a career offender under the Sentencing Guidelines. (Id.) The undersigned finds that the above claim fails for at least two reasons, which the undersigned will address in turn.[3]

---

[3]      As grounds for relief, Movant relies upon *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018). In *Winstead*, the D.C. Circuit determined that the commentary to the career offender Sentencing Guidelines impermissibly expanded the definition of a "controlled substance offense" to include inchoate offenses. Thus, Movant states that the District Court improperly considered his prior conviction for attempt to deliver a controlled substance when classifying Movant as a career offender.

         U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

### A.    Timeliness:

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2255 proceedings. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

---

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Thus, the above "controlled substance offense" definition does not include attempt or inchoate offenses. Section 4B1.2's Application Note 1, however, provides that a "controlled substance offense" includes attempt and other inchoate offenses. *See Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)("commentary in the Guidelines Manuel that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or plainly erroneous reading of, that guideline.") As this District has recently recognized, "Courts are split on whether the commentary's inclusion of inchoate offenses is authoritative or an erroneous expansion of § 4B1.2's plain language." *United States v. Bond*, 418 F.Supp.3d 121, 122 (S.D.W.Va. Nov. 12, 2019)(J. Chambers). The Fourth Circuit, however, has not yet addressed the issue. "The First, Third, Seventh, and Eleventh Circuits have held the commentary is consistent with § 4B1.2(b)'s text." *Bond*, 418. F.Supp.3d at 122(citations omitted). The Sixth and D.C. Circuits have determined that the commentary conflicts with Section 4B1.2(b). *Id.*(citations omitted). Finally, the "Ninth Circuit desired to follow the D.C. and Sixth Circuits, but precedent required it to apply the commentary. *Id.*(citation omitted). Within this District, District Judges seem to be following the reasoning of the D.C. and Sixth Circuits in concluding that the inclusion of inchoate crimes in Application Note 1 is inconsistent with the text of Section 4B1.2.(b). *Bond*, 418 F.Supp.3d at 123; *United States v. Carter*, 2020 WL 907884 (S.D.W.Va. Feb. 25, 2020)(J. Goodwin)(concluding that a prior conviction for attempt to manufacture a controlled substance does not qualify as a "controlled substance offense" under Section 4B1.2(b)); *also see United States v. Gibbs*, Case No. 2:18-cr-89 (S.D.W.Va. July 31, 2019)(J. Copenhaver)(finding that attempted delivery of a controlled substance is not a "controlled substance offense" under Section 2K2.1); and *United States v. Cooper*, 410 F.Supp.3d 769 (S.D.W.Va. 2019)(J. Goodwin)(concluding that the commentary's inclusion of conspiracy added an entirely new offense to "crime[s] of violence" under Section 4B1.2).

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). If the statute of limitations bars a cause of action, an amendment may be denied as futile. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000). "When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations did not relate back to the original motion and were therefore untimely and futile). Rule 15(c)(1) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading." Thus, an amendment is appropriate and timely under the applicable statute of limitations when it relates back to the original pleading.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)     The date on which the judgment of conviction becomes final;

(2)     The date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

10

(3)     The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The undersigned will first consider the timeliness of Movant's claim under Section 2255(f)(1). Movant's Judgment Order was entered on September 12, 2017, and his sentence became final 14 days later when he did not file a Notice of Appeal (September 26, 2017). On April 4, 2019, more than six months after the one-year period expired, Movant filed his motion to supplement raising a challenge to his career offender enhancement. Therefore, Movant's supplemental claim is clearly untimely under Section 2255(f)(1).

Second, the undersigned considers Section 2255(f)(2). There is no allegation or indication that government action created an impediment to making the motion. Third, the undersigned will consider whether Section 2255(f)(3) applies because Movant's supplemental claim is "based on a new rule of constitutional law, previously unavailable, made retroactive." Movant relies upon United States v. Winstead, 890 F.3d 1082 (D.D.C. May 25, 2018) and Untied States v. Jackson, 2018 U.S. Dist. LEXIS 198203 (E.D.Mich. Nov. 21, 2018). Thus, Movant fails to indicate a right that has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review. Accordingly, the undersigned finds that Section 2255(f)(3) is inapplicable as to Movant's claim based upon Winstead and Jackson.

Finally, the undersigned will consider 2255(f)(4). To the extent Movant may argue that Section 2255(f)(4) applies because Winstead and Jackson constitutes a new "fact" supporting the claim, the undersigned disagrees. The Fourth Circuit has addressed this issue. In Whiteside v.

11

United States, 775 F.3d 180 (4th Cir. 2014), the Fourth Circuit issued its *en banc* decision wherein it determined that the Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) decision did not qualify as a new "fact" for purposes of Section 2255(f)(4). Id. at 184. The Fourth Circuit explained "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." Id. The Fourth Circuit further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." Id. Based on the foregoing, the undersigned finds that Section 2255(f)(4) is inapplicable. Accordingly, the undersigned finds that Movant's supplemental claim challenging his career offender status under the U.S.S.G. is untimely.

The undersigned will now consider whether Movant's proposed amendments relates back to his original Section 2255 Motion. Movant's proposed amendment challenges his career offender enhancement. In his original Section 2255 Motion, Movant failed to assert any challenge to the validity of sentence or career offender enhancement. Movant focused exclusively upon challenging the Court's subject matter jurisdiction and the constitutionality of the statute of his conviction (28 U.S.C. § 841). Thus, Movant's above challenge to his career offender enhancement is completely new and does not relate back to his original Motion.[4] Accordingly, the undersigned respectfully recommends that Movant's supplemental claim challenging his career offender enhancement be denied.

---

[4] A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976). Movant's claim that the District Court improperly classified him as a career offender under the U.S.S.G. is procedurally defaulted. The foregoing claim could have been raised on direct appeal. Movant, however, did not raise the issue on appeal. Movant has not shown and cannot show good cause for failing to do so and that prejudice has resulted.

12

**B.    Appellate Waiver:**

In his Supplemental Motion, Movant challenges the validity of his sentence. (Civil Action. 2:18-00056, Document No. 55.) Specifically, Movant argues that the District Court erred in determining Movant qualified as a career offender pursuant U.S.S.G. 4B1.1. (Id.) Movant explains that the District Court determined that he was a career offender based upon two prior convictions for controlled substance offenses. (Id.) Movant, however, contends that one of his convictions was an attempt to distribute a controlled substance. (Id.) Based upon Winstead and Jackson, which is non-binding authority, Movant argues that his attempt to distribute a controlled substance does not properly qualify as a controlled substance offense for his career offender classification. (Id.)

In his written plea agreement, Movant agreed to waive his right to appeal his conviction and sentence directly, with one exception. (Criminal No. 2:16-00030, Document No. 21, pp. 4 - 5.) Under the plea agreement, Movant did not waive his right to *appeal* the District Court's determination of the adjusted offense level under the Guidelines if an objection was properly preserved.[5] (Id.) Movant, however, agreed to waive his right to challenge his conviction and sentence under Section 2255, except on grounds of ineffective assistance of counsel. (Id.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v.

---

[5] Movant did not file a direct appeal challenging his adjusted offense level.

13

Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In his Motion, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action. 2:18-0056, Document Nos. 40, 41, 55.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. (Criminal Action No. 2:16-00030, Document No. 21.) Specifically, the plea agreement stated, in pertinent part, as follows:

> The parties reserve the right to appeal the District Court's determination of the adjusted offense level under the United States Sentencing Guidelines, if an objection is properly preserved. Nonetheless, Mr. Smith knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range associated with the adjusted offense level determined by the Court, prior to any consideration of acceptance of responsibility or any departure or variance. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is within or above the Sentencing Guideline range associated with the adjusted offense level determined by the Court, prior to any consideration of acceptance of responsibility or any departure or variance.
>
> Mr. Smith also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Id., pp. 4 - 5.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Considering Movant's educational background, the

record reveals that Movant obtained his G.E.D. (Id., Document No. 36, p. 31.) Additionally, Movant's criminal history reveals that he is experienced with the criminal justice system. (Id., pp. 8 - 27.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that he understood and agreed to the waiver. Based on the foregoing, the undersigned finds that Movant's appellate waiver is valid as it was entered into knowingly, intelligently, and voluntarily.

Although appellate waivers are valid, the Fourth Circuit has refused to enforce valid appellate waivers in a narrow class of claims. United States v. Jones, 538 Fed.Appx. 285, 287 (4th Cir. 2013). Specifically, the Fourth Circuit has refused to enforce valid appellate waivers in following narrow class of claims: (1) A defendant's challenge to "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" (See United States v. Martin, 961 F.2d 493 (4th Cir. 1992)); (2) A defendant's challenge to a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel (See United States v. Attar, 38 F.3d. 727 (4th Cir. 1994); United States v. Johnson, 410 F.3d 137 (4th Cir. 2005)); and (3) The enforcement of the valid waiver would result in a miscarriage of justice (See Johnson, 410 F.3d at 151)). It is well recognized, however, that alleged errors in a district court's calculation of a petitioner's Guidelines range does not result in a sufficient miscarriage of justice unless the error causes the court to impose a sentence exceeding the statutory maximum. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). In Foote, the Fourth

Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932; also see Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)(finding that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when Sentencing Guidelines were mandatory). The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Foote, 784 F.3d at 941(emphasis in original). In the instant case, Movant was sentenced under the advisory Guidelines and his sentence (100 months) clearly did not exceed the statutory maximum (20 years). The undersigned, therefore, finds that the error in calculating Movant's advisory Guideline range does not constitute a miscarriage of justice overcoming Movant's valid appellate waiver. See Jones, 538 Fed.Appx. at 287(finding no miscarriage of justice sufficient to overcome the appellate waiver where defendant argued the district court erred in calculating his Guideline range by including his uncounseled state court conviction in his criminal history score); also see United States v. Thornsbury, 670 F.3d 532, 538-39 (4th Cir. 2012)(Errors in computing a defendant's sentence does not render a sentence "illegal" or an appellate waiver unlawful. In entering into a plea agreement containing an appellate waiver, the petitioner assumed "the risk of unforeseen legal errors involving his sentence, and in exchange, he received increased certainly regarding the length of that sentence."); Sotirion v. United States, 617 F.3d 27, 36 (1st Cir. 2010)(Recognizing that the miscarriage of justice exception is meant for only "egregious cases" and should be applied "sparingly and without undue generosity." Finding

that examples of miscarriage of justice include claims where a defendant's sentence exceeded the maximum statutory penalty or violated a material term of the plea agreement – not "garden-variety" claims of error. A miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by the appellate waiver.); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003)(finding that the miscarriage of justice exception is "extremely narrow" and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."); Baxter v. United States, 2018 WL 3764092, * 3 (W.D.N.C. Aug. 7, 2018)(finding that petitioner's sentence did not exceed the statutory maximum and an miscalculation of petitioner's criminal history does not give rise to a constitutional issue). The undersigned, therefore, finds that Movant waived his right to challenge the alleged error in the calculating of his advisory Guideline range. Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above habeas claim is precluded by his appellate waiver.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 40) and Supplemental Section 2255 Motion (Document No. 55) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: June 26, 2020.

Omar J. Aboulhosn
United States Magistrate Judge